# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DARVIN WAYNE GRAY,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **No. CIV 16-482-JHP-KEW** |
| ) | |
| **JASON BRYANT, Warden,** ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

Petitioner, a pro se prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction in Muskogee County District Court Case No. CF-2011-951 for First Degree Rape by Instrumentation (Count 1), Forcible Oral Sodomy (Count 2), and Lewd Molestation (Count 3). He subsequently filed a motion to amend and to supplement his habeas corpus petition (Dkt. 11), which now is before the Court. He, however, has failed to submit a proposed amended petition and a statement of the reasons for requesting permission to file an amended petition, as required by Local Civil Rule 9.2(c).

Even if the motion had been properly submitted, Petitioner is attempting to raise unexhausted claims of ineffective assistance of trial counsel and prosecutorial misconduct which were not presented to the Oklahoma Court of Criminal Appeals ("OCCA") on direct appeal or in his first application for post-conviction relief. Respondent alleges Petitioner's proposed new claims would be procedurally barred if he attempted to raise them in another state post-conviction action.

Petitioner alleges in his motion to amend that his trial counsel was ineffective, because he failed to:

(1) conduct an investigation regarding the timing of the crimes;

(2) show pictures to the jury that demonstrated the alleged crimes did not occur in an area hidden from sight;

(3) present evidence that the victim had no visible physical injuries;

(4) challenge the victim's testimony by presenting certain witnesses who claimed the victim sent a text message stating she had lied about Petitioner;

(5) present evidence that the victim had run away with her boyfriend;

(6) present evidence that Petitioner was happily married with a three-year-old son at the time of the crimes and that the Department of Human Services investigated his home but did not remove his child;

(7) present a witness to challenge the victim's testimony about a fire, whether police officers were present, and mandatory meetings at work.

Petitioner also wants to add a claim to his petition that the prosecutor fabricated evidence and told the jury that the crime occurred in an exclusive area which was hidden from sight. In addition, the prosecutor allegedly failed to properly investigate the crimes and made a false statement that Petitioner was in charge of the victim's money.

Petitioner alleges these additional claims were exhausted on direct appeal and through post-conviction proceedings. While Petitioner did raise claims of ineffective assistance of trial counsel and prosecutorial misconduct in his direct appeal, those claims differed from the claims he now proposes to add to his habeas petition. In his direct appeal, Petitioner made the following claims concerning the alleged ineffectiveness of trial counsel:

2

> [C]ounsel failed to move that the State elect which acts it was relying upon for the basis of conviction and failed to request appropriate corresponding instruction of the jury with regard to how such evidence was to be considered. Though he did object, in a delayed manner, to [the trial court's failure to grant a mistrial], Counsel then failed to appropriately object to the multiple instances of prosecutorial misconduct which occurred.

(Petitioner's direct appeal brief, Dkt. 8-1 at 31) (internal citations omitted).

Petitioner's claims of prosecutorial misconduct in his direct appeal concerned allegations that the prosecutor attempted "to align the jury with and elicit sympathy for the victim" during opening statements and closing remarks. *Id.* at 25. The prosecutor also allegedly expressed contempt for Petitioner and improperly commented on Petitioner's failure to testify. *Id.* at 27

In his first post-conviction application, Petitioner raised claims of ineffective assistance of trial counsel which were not raised in his direct appeal. Because those claims could have been raised on direct appeal, but were not, the claims were waived pursuant to Okla. Stat. tit. 22, § 1086. *Gray v. State*, No. PC-2016-605 (Okla. Crim. App. Sept. 13, 2016) (Dkt. 8-5).

To satisfy the exhaustion requirement, a claim must be presented to the State's highest court through a direct appeal or a post-conviction proceeding. *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). However, if Petitioner were to return to the state courts with his unexhausted claims, the claims would be barred. *See Steele v. Young*, 11 F. 3d 1518, 1522 (10th Cir. 1993) (holding that OCCA has clearly indicated that Okla. Stat. tit. 22, § 1086, strictly prohibits raising claims that could have been raised earlier).

3

Furthermore, the Tenth Circuit has held that a habeas petitioner's failure to raise an ineffective assistance of counsel claim until his second application for state post-conviction relief precludes federal habeas corpus review of the claims, unless the petitioner shows either cause and prejudice or a fundamental miscarriage of justice. *Moore v. Reynolds*, 153 F.3d 1086, 1097 (10th Cir. 1998).

"Cases involving a fundamental miscarriage of justice 'are extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime.'" *Gilbert v. Scott*, 941 F.2d 1065, 1068 n.2 (10th Cir. 1991) (citing *McClesky v. Zant*, 499 U.S. 467, 494 (1991)). Here, the Court finds Petitioner has not shown cause and prejudice or made a colorable showing of factual innocence. Petitioner's request to amend his petition is denied.

As for Petitioner's request to supplement the record, habeas review under 28 U.S.C. § 2254 "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011). Petitioner is not entitled to supplement the record.

**ACCORDINGLY,** Petitioner's motion to amend and to supplement his petition for a writ of habeas corpus (Dkt. 11) is DENIED.

**IT IS SO ORDERED** this 12th day of March, 2018.

James H. Payne
United States District Judge
Eastern District of Oklahoma